Charan Dass **TANEJA**, Appellant,

v.

**William French SMITH; Robert Neptune, Appellees.**

**No. 85–1035.**

United States Court of Appeals, Fourth Circuit.

Argued Nov. 5, 1985.
Decided July 8, 1986.

Michael E. McKenzie, Annandale, Va., for appellant.

David B. Smith (Elsie L. Munsell, U.S. Atty., Alexandria, Va.; Stuart I. Silverman, Philadelphia, Pa., on brief), for appellees.

Before SPROUSE and SNEEDEN,* Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.

SPROUSE, Circuit Judge:

Charan Dass Taneja appeals from the district court's grant of summary judgment to the Attorney General and the Immigration and Naturalization Service (INS) in Taneja's action to compel INS to issue him a "sixth preference visa." *See* 8 U.S.C. § 1153(a)(6) (1982). The district court concluded that the INS acted within its authority in denying the visa application which Taneja's prospective employer had filed on Taneja's behalf and that the employer's subsequent withdrawal of the application eliminated the basis for granting the visa. We affirm.

As often happens, this immigration matter has followed a tortured route to its final resolution. The INS District Director denied Taneja's sixth preference petition on September 9, 1981. Taneja filed an appeal to the INS Regional Commissioner who denied it on July 6, 1982, then he filed a motion to reopen which the Regional Commissioner denied on August 17, 1983, and

finally he filed a second motion to reopen which was not acted upon. After Taneja brought this action in district court, the INS certified the petition to the INS Commissioner for reconsideration, and on August 8, 1984, the Associate Commissioner affirmed the denial of the petition. The district court upheld the denial of the petition, and Taneja appealed to this court.

Taneja, a citizen of India, was admitted to the United States in 1976 as a secretarial employee at the Indian Embassy in Washington D.C. Taneja subsequently applied for employment with TELE–SEC Temporary Personnel, Inc. (TELE–SEC).[1] In 1980, the United States Department of Labor, pursuant to 8 U.S.C. § 1182(a)(14), certified that a shortage existed of United States workers qualified, willing and available to perform typing and other office services in the location in which Taneja was to work, and that his employment by TELE–SEC would not adversely affect the wages and working conditions of American workers. The Department of Labor certification is a prerequisite to the issuance of a sixth preference visa "to qualified immigrants who are capable of performing specified skilled or unskilled labor, not of a temporary or seasonal nature, for which a shortage of employable and willing persons exists in the United States." 8 U.S.C. § 1153(a)(6). Shortly after the Department of Labor granted certification, Taneja and TELE–SEC entered into a one-year employment contract conditioned upon Taneja's receipt of a sixth preference visa and upon satisfactory job performance. In November 1980, TELE–SEC submitted the visa application to the INS on Taneja's behalf.

In March 1981, the INS District Director requested additional information from TELE–SEC, and asked, *inter alia,* whether an employment contract existed between TELE–SEC and Taneja. TELE–SEC's counsel, who is also Taneja's counsel in the action before this court, responded that a

---

* The Honorable Emory M. Sneeden resigned from the court before this case was decided. He did not participate in the decision.

1. TELE–SEC provides personnel to perform various office duties for its clients on temporary assignments.

contract existed "as evidenced by the [Department of Labor certification form] ... of which you have the original." On September 9, 1981, the District Director denied the application based on his finding that the contract between Taneja and TELE–SEC did not guarantee full-time employment. TELE–SEC appealed the denial to the INS Regional Commissioner.[2] The Regional Commissioner dismissed the appeal on the grounds that the contract was unexecuted and "accordingly fails to establish anything" and that the terms of the contract did not guarantee full-time work nor establish that Taneja intended to work for TELE–SEC full time, but "merely [bound] a prospective employee to financial penalty if they [sic] fail to work 1200 hours."

In December 1982, TELE–SEC's counsel made a motion to reopen the case on the grounds that the INS had changed its position and had approved similar sixth preference visa applications which TELE–SEC had submitted.[3] Taneja also submitted an affidavit indicating that he intended to accept assignments from TELE–SEC. On August 17, 1983, the Regional Commissioner denied the motion to reopen on the ground that "the only 'contract' being unexecuted, there is in fact no executed contract." Taneja moved again to reopen the case and, although noting that the INS file already contained a copy of the executed contract, sent another executed copy.[4] The INS took no action on this

second motion, but ordered Taneja to leave the United States or to face deportation. Taneja remained in the United States beyond the deportation date and brought this action in district court.

The INS then moved *sua sponte* to reopen the administrative proceedings. *See* 8 C.F.R. § 103.4. The INS contacted TELE–SEC regarding the visa petition, and TELE–SEC responded on July 30, 1984 that it no longer wished to sponsor Taneja and that Taneja had not been in contact with TELE–SEC for three years. On August 8, 1984, the INS Associate Commissioner for Examinations affirmed the Regional Commissioner's decision on the ground that TELE–SEC "had not heard from the beneficiary since 1981, was unaware that its counsel was pursuing the matter, and [stated] that it did not wish to pursue the matter."

The district court, granting the INS's motion for summary judgment, stated in part:

8 C.F.R. § 204.4(b)[5] allows revocation of visa [sic] that have been approved should the intention of the prospective employer change. Obviously, in applying the Paco case,[6] here the intentions of the employer have changed, which is TELE–SEC, if they had any intention in the beginning, because they say back [on] July 30, 1984, TELE–SEC states

---

**2.** Apparently neither TELE–SEC nor its counsel, Michael McKenzie, appeared at the oral argument of the appeal before the Regional Commissioner, and the appeal was decided on the basis of the record.

**3.** The record is not entirely clear as to whether McKenzie was representing TELE–SEC or only Taneja in moving to reopen the case. In a letter to the INS dated July 30, 1984, which the INS submitted to the district court, TELE–SEC indicated that it had not heard from Taneja since 1981 and that it no longer wished to sponsor the visa application. The significance of this letter is discussed *infra.*

**4.** Taneja's counsel submitted to the district court an affidavit from his former secretary in which she stated that she mailed a copy of the executed contract to the INS in April 1981. The INS maintains that the contract submitted with

the visa application was unsigned, but for purposes of this appeal accepts the affidavit as true.

**5.** 8 C.F.R. § 204.4(b) states in part:

[t]he approval of a petition to classify an alien as a preference immigrant under section 203(a)(3) or (6) of the Act shall remain valid for as long as the supporting labor certification is valid and unexpired, provided there is no change in the respective intentions of the prospective employer and the beneficiary that the beneficiary will be employed by the employer in the capacity indicated in the supporting job offer.

**6.** In *Matter of Paco,* 12 I. & N.Dec. 599 (1968), the INS held that the withdrawal of the job offer invalidated a previously issued labor certification and excluded the visa applicant from admission.

plaintiff hasn't been heard from since 1981.

On that basis, it seems to me that following 8 C.F.R. § 204.4(b), it seems logical that an application that's been denied would be negated in the appeal process. So I think there's no abuse of discretion on the part of the I.N.S. at this time in denying his application. I'm sympathetic, but my review of this case is narrow. On that basis, I'm going to grant the motion for summary judgment. [footnotes added]

■ On appeal, Taneja maintains that the district court erred in reviewing the INS decisions according to an abuse of discretion standard and in considering TELE–SEC's letter to the INS in its decision, that the INS District Director improperly denied TELE–SEC's petition, and that the Regional Commissioner dismissed the appeal and denied the motion to reopen on improper grounds. Taneja also argues that the government's conduct in processing the application estops it from relying upon TELE–SEC's withdrawal of its sponsorship as grounds for denying the application.[7]

■ We agree with the district court that TELE–SEC's decision to withdraw its sponsorship of the visa application is sufficient to sustain the denial of a sixth preference visa to Taneja. 8 C.F.R. § 204.4(b). In view of our decision on this point, it is not necessary to decide whether the INS erred in its initial decision denying the petition and its rejection of Taneja's motion to reopen the case. Finally, even accepting that the INS acted carelessly as Taneja alleges, we conclude that its actions do not reach the level of affirmative misconduct

necessary to estop it from asserting TELE–SEC's changed intentions as a basis for denying the application.

In view of the above, the decision of the district court is affirmed.

AFFIRMED.

---

**7.** The Government asserts that Taneja, as a beneficiary of a sixth preference visa application, lacked standing to challenge the denial of the petition. We disagree. Where the alien is presently in this country, the Department of Labor has made the certification required under 8 U.S.C. § 1182(a)(14) and the prospective employer has submitted the sixth preference visa application, the Government's restricted interpretation of standing under 8 U.S.C. § 1153(a)(6) is incorrect. Taneja was in the "zone of interest" of the statute and had standing to challenge the denial of his petition. We, therefore, reach the merits of his appeal. *See Chinese American Civic Council v. Attorney General,* 566 F.2d 321, 324 n. 8, 327 n. 15 (D.C.Cir. 1977) (standing of alien present in the United States to challenge denial of § 1153 petition); *see also Stenographic Machine, Inc. v. Regional Administrator,* 577 F.2d 521, 527–28 (7th Cir. 1978) (alien whose job was affected by denial of labor certificate under 8 U.S.C. § 1182(a)(14) has standing to challenge denial).