**Nantana ODDO, Plaintiff,**

v.

**Janet RENO, Attorney General of the United States, Defendant.**

**No. 2:97cv1021.**

United States District Court,
E.D. Virginia,
Norfolk Division.

Aug. 17, 1998.

Beverly Anne Yeskoloski, Hyder, Lowe & Galston, Norfolk, VA, for Plaintiff.

Janet Reno, Attorney General of the the United States, United States Attorney's Office, World Trade Center, Norfolk, VA, for Defendant.

## OPINION AND ORDER

CLARKE, District Judge.

This case comes before the Court on cross-motions for summary judgment. Plaintiff Nantana Oddo ("Plaintiff") brings this action pursuant to 8 U.S.C. § 1329 and 5 U.S.C. §§ 701–706, claiming that defendant Janet Reno, Attorney General of the United States ("Defendant") acting as administrator of the Immigration and Naturalization Service ("INS"), *see* 8 U.S.C.A. § 1103(a), should not have revoked approval of Plaintiff's petition for an employment-based immigration preference. Plaintiff seeks both declaratory and injunctive relief.

### I. Factual Background

The facts of this case are not in dispute. Plaintiff, a native and citizen of Thailand, was admitted to the United States for six months on January 4, 1988 as a non-immigrant visitor for pleasure. Plaintiff petitioned for an extension of her stay for the purpose of continuing her "visit with family," but her petition was denied by the INS district director on August 18, 1988, for the reason that she had not established that the purpose for which she was admitted had been completed. Plaintiff was directed to leave the United States no later the September 1, 1988.[1]

---

1. Plaintiff requested extra time to make travel arrangements to Thailand, and was granted voluntary departure until September 30, 1988. A.R. 237.

Plaintiff reentered the United States on March 14, 1989, again on a six month visa as a non-immigrant visitor for pleasure. While in the United States on June 2, 1989, she married Pramoth Oddo, a native of Thailand and a naturalized United States citizen. Plaintiff and her husband had never met, and they claimed that the marriage was arranged by their parents according to Thai custom. As a result of the marriage, Mr. Oddo filed a petition on August 3, 1989 to accord Plaintiff immediate relative status for the purposes of immigration. On the same day, Plaintiff filed a petition for permanent residence status based on Mr. Oddo's petition.

Sometime early in 1990, Plaintiff became aware of an extra-marital affair between Mr. Oddo and another woman and separated from Mr. Oddo. On March 20, 1990, Mr. Oddo withdrew his petition on behalf of Plaintiff. One week later, a report by an INS investigator noted that the validity of the marriage was questionable, and that Mr. Oddo claimed it was arranged by his parents. Based on the withdrawal of Mr. Oddo's petition, the INS denied plaintiff's application for permanent residence on April 6, 1990. Soon afterwards, at the insistence of Mr. Oddo's parents, Plaintiff moved back in with her husband. Mr. Oddo sent a letter reinstating his withdrawn petition on May 10, 1990, and on May 24, 1990, Plaintiff filed a second application for permanent residence.

Although investigation of the marriage by the INS continued, final action was not taken on the second petition until March 20, 1995, when Mr. Oddo again withdrew his petition. Mr. Oddo appeared before an INS investigator on that day, and according to an INS report, admitted that "the marriage was not valid and was entered into for the sole purpose of obtaining an immigration benefit on behalf of [Plaintiff]." Based on Mr. Oddo's withdrawal of his petition, the INS denied Plaintiff's second application for residence on April 10, 1995. Plaintiff was placed in exclusion proceedings on June 22, 1995.

On November 30, 1995, Szechuan Garden, a restaurant specializing in Japanese style food, filed a petition with the INS to accord Plaintiff an employment-related immigration preference. This petition was initially approved on December 20, 1995, but one year later, the INS notified Szechuan Garden that it intended to revoke the approval in light of 8 U.S.C. § 1154(c).[2] In response, Plaintiff produced joint tax returns, an apartment lease, a utility bill, a joint checking account statement, and an affidavit filed by Mr. Oddo attesting to the legitimacy of the marriage. Notwithstanding this evidence, the INS formally revoked the approval. Plaintiff filed a timely appeal with the Administrative Appeals Unit, which upheld the prior determination on June 27, 1997. Plaintiff filed the present claim on October 24, 1997.

## II. Jurisdiction

Although neither party disputes this Court's ability to render a decision in this case, the Court feels compelled to make a finding that jurisdiction is proper. In an immigration proceeding, Plaintiff has a right of review of Administrative Action in the District Court pursuant to 5 U.S.C. §§ 701–706, *See Fort Sumter Tours, Inc., v. Babbitt,* 66 F.3d 1324, 1327 (4th Cir.1995), and 8 U.S.C. § 1329. *See Baria v. Reno,* 94 F.3d 1335, 1339 (9th Cir.1996).

Plaintiff has standing to bring this action, even though she was only the beneficiary of the revoked petition. *Taneja v. Smith,* 795 F.2d 355, 358 n. 7 (4th Cir.1986). However, in order to bring the case before the District Court, Plaintiff must first have exhausted all administrative remedies within the agency. *Howell v. INS,* 72 F.3d 288, 291 (2d Cir.1995). In this case, Plaintiff had the right to appeal the decision to revoke the approved petition to the Administrative Appeals Unit of the INS. *See* 8 C.F.R. § 204.5(n)(2); 8 C.F.R. § 103.3(a). Plaintiff pursued this route of appeal, thereby exhausting all remedies within the INS. Accordingly, review by this Court is proper.

**2.** 8 U.S.C. § 1154(c) states:
Notwithstanding the provisions of subsections (a) and (b) of this section no petition shall be approved if (1) the alien has previously been accorded, or has sough to be accorded, an immediate relative or preference status as the spouse of a citizen of the United States ... by reason of a marriage determined by the Attorney General to have been entered into for the purpose of evading the immigration laws ....

### III. Standard of Review

The standard of review in Administrative Agency cases is set forth in 5 U.S.C. § 706:

To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall—

\*      \*      \*      \*      \*      \*

(2) hold unlawful and set aside agency action, findings, and conclusions found to be—

(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

\*      \*      \*      \*      \*      \*

In making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error.

5 U.S.C. § 706.

■ This Court is required by statute to determine if the action taken by the INS in this case was arbitrary or capricious. In making this determination, the Court must consider:

"whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment.... Although this inquiry into the facts is to be searching and careful, the ultimate standard of review is a narrow one. The court is not empowered to substitute its judgment for that of the agency."

*Citizens to Preserve Overton Park v. Volpe,* 401 U.S. 402, 416, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971). Additionally, this Court's "review of administrative action is generally confined to the administrative record." *Fort Sumter Tours, Inc. v. Babbitt,* 66 F.3d 1324, 1335 (4th Cir.1995), *see also Burgin v. Office of Personnel Management,* 120 F.3d 494, 497 (4th Cir.1997). Since neither party has contested the facts in the Administrative Record or sought to include additional facts, Summary Judgment is an appropriate remedy in this case. *See* Fed.R.Civ.P. 56.

### IV. Analysis

■ Given the deferential standard of review for agency action, this Court must reject Plaintiff's claim, as it does not believe the INS acted arbitrarily or capriciously in making a decision in Plaintiff's case.

The Court is guided by a Seventh Circuit decision which is directly on point. In *Ghaly v. INS,* 48 F.3d 1426 (7th Cir.1995), the Seventh Circuit upheld the INS decision to revoke a petition for an employment-based preference when it became apparent that the beneficiary of the petition had previously attempted to gain a preference by entering into a fraudulent marriage. *Id.,* at 1427. In *Ghaly,* the petitioner was a neuroanesthesiologist of Egyptian citizenship, whose initial petition for immediate relative status was denied when his spouse withdrew her petition and stated to the INS that she was paid to marry the petitioner so that he could gain an immigration preference. *Id.*

Several years later, Dr. Ghaly was the beneficiary of a petition by a hospital for an employment related petition. This petition was initially approved, but later revoked on the grounds that Dr. Ghaly had attempted to gain an immigration preference via a fraudulent marriage. *Id.* at 1428. The Seventh Circuit upheld the INS revocation.

In this case, there is sufficient evidence within the administrative record to support the I.N.S decision under the "arbitrary and capricious" standard. The INS is entitled to rely on their own investigations into the marriage and the statement of Mr. Oddo as to the motives behind the marriage. Even though Mr. Oddo later retracted that statement, the INS, as fact finder, could determine which of the conflicting statements to accept and how much weight to give each statement in considering possible bias. In addition, the investigations conducted by the INS uncovered repeated separations by the couple and Mr. Oddo's continuous affair with another woman during the marriage.

In response, Plaintiff submitted a statement by Mr. Oddo in which he stated that the marriage was valid, as well as statements

from a joint bank account, an apartment lease, and a utility bill, all in both Plaintiff's and Mr. Oddo's name. This evidence is not sufficient to controvert the evidence compiled by the INS showing an improper marriage. Plaintiff submitted no evidence tending to establish that the marriage was in fact arranged according to Thai custom and not in order to obtain an immigration benefit.

 Plaintiff also claims that she was not given adequate notice by the INS of the intent to revoke the approval of her petition, in violation of her right to procedural due process under the Fifth Amendment to the United States Constitution. This claim has no merit. Plaintiff was fully informed of the INS actions by a letter of intention to revoke, mailed on December 20, 1996. This letter clearly states the reasons why the INS planned to revoke the previous approval, and provided Plaintiff with an opportunity to respond. Plaintiff argues that by the time she received this letter, it was too burdensome to put together evidence of the legitimacy of a marriage which took place seven years earlier. However, because Mr. Oddo twice withdrew his petitions to accord Plaintiff immediate relative status, the INS was never forced to reach a conclusion on the marriage until the employment petition had been approved.

Again, *Ghaly v. INS* is on point. In *Ghaly*, the Seventh Circuit found that a notice of intent to revoke was sufficient to put the petitioner on notice of the grounds for revoking the approved petition. *Ghaly*, 48 F.3d 1426, 1435.

Although there was a gap of seven years between the marriage and the INS decision that it was invalid, Plaintiff nevertheless had ample opportunity to offer proof and have her claims adjudicated before the INS. Consequently, her Due Process claim is groundless.

### V. Conclusion

Based on the record, this Court finds that the decision by the INS to revoke Plaintiff's employment-based preference was not arbitrary or capricious and was supported by the relevant evidence before the INS. Therefore, the Court **GRANTS** Defendant's Motion for Summary Judgment, **DENIES** Plaintiffs Mo-

tion for Summary Judgment, and hereby **DISMISSES** this action.

The clerk is **DIRECTED** to mail a copy of this Opinion and Order to counsel for Plaintiff and to the Assistant United States Attorney.

**IT IS SO ORDERED.**